**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ANTONIO D. WATSON,**

                       **Plaintiff,**

          v.                                  **CASE NO. 19-3230-SAC**

**SEDGWICK COUNTY JAIL, et al.,**

                       **Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se. The Court notes plaintiff's payment of the initial partial filing fee and grants leave to proceed in forma pauperis.[1]

**Nature of the Complaint**

Plaintiff was held in the Sedgwick County Jail (SCJ) at all relevant times. On July 27, 2019, he was injured when he slipped and fell in water on the floor. Plaintiff was taken to a local hospital for treatment and then returned to the SCJ. He was taken to the hospital a second time on or about July 31, 2019, for additional X-rays and scans. He also was examined by Kansas Mobile Solutions on August 19, 2019, for a complaint of pain related to his fall.

The complaint presents three counts. In Counts 1 and 2, plaintiff states only that he slipped and fell in water and that he came out of the cell because he was told to do so. In Count 3, he claims that he learned on August 25, 2019, that his right foot was broken. He complains that his foot has not been placed in a cast.

---

[1] Plaintiff's motion to waive payment of the initial partial filing fee (Doc. 5) is denied as moot. Plaintiff remains obligated to pay the balance of the $350.00 filing fee in installments calculated under 28 U.S.C. § 1915(b)(2).

As relief, plaintiff seeks payment of medical bills and damages for pain and suffering and violations of his rights.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action

supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

### Discussion

*1. Plaintiff's claims concerning his fall in water on the SCJ floor are insufficient to state a claim for relief under § 1983.*

The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

The Tenth Circuit has recognized that the risk of harm to a prisoner from a wet and slippery floor is not sufficiently serious to implicate the Constitution. In *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004), the Tenth Circuit considered a claim concerning an injury resulting from standing water in a prison shower and stated, "Simply put, a slip and fall without more, does not amount to cruel and unusual punishment….Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." *Id*. (interior brackets and quotations omitted). *See Flandro v. Salt Lake County Jail*, 53 F. App'x 499, 500-01 (10th Cir. 2012)(finding that cases from other jurisdictions have held that slippery floors do not violate the Eighth Amendment and stating that "a serious injury by itself does not necessarily render a condition excessively or even substantially risky"); *see also Benson v. Central New Mexico Corr. Facility*, 2017 WL 5989195, at *3 (D.N.M. Dec. 1, 2017)("The federal courts have consistently held that allegations a prisoner slipped and fell as a result of slippery conditions in the prison do not rise to the level of an Eighth Amendment violation.")(citations omitted).

Therefore, plaintiff's claim concerning his fall on a wet floor does not state a constitutional claim.

*2. Plaintiff's claim concerning his medical treatment does not state a claim for relief.*

A prisoner's claim under § 1983 alleging a failure to provide adequate medical care for serious needs is considered under the "deliberate indifference to serious medical needs" test established in *Estelle v. Gamble*. The deliberate indifference standard has both objective and subjective components. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th

Cir. 2000)). To meet the objective component, a prisoner must prove that the alleged deprivation was "sufficiently serious." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A delay in medical care is sufficiently serious if "the delay resulted in substantial harm." *Id.* (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001)). The subjective component requires a showing that a defendant acted with "a sufficiently culpable state of mind." *Redmond v. Crowther*, 882 F.3d 927, 936 (10th Cir. 2018)(quoting *Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1289 (10th Cir. 1999)).

Under this standard, prison officials violate a prisoner's constitutional rights when they "prevent an inmate from receiving treatment or deny him access to medical personnel capable of evaluating the need for treatment." *Sealock*, 218 F.3d at 1211. An inadvertent failure to provide adequate care, negligent misdiagnosis, or a prisoner's difference of opinion with medical personnel regarding diagnosis or treatment falls short of the Eighth Amendment standard; "[t]he Eighth Amendment's prohibition on cruel and unusual punishment is not violated when a doctor simply resolves 'the question whether additional diagnostic techniques or forms of treatment is indicated.'" *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006)(quoting *Estelle v. Gamble*, 429 U.S. at 107).[2] Likewise, medical malpractice is not a ground for relief under § 1983. *Estelle*, 429 U.S. at 106.

Here, plaintiff's complaint that his foot was not placed in a cast essentially is a disagreement with the treatment provided. Plaintiff states he was told his foot was broken, but the materials he submits leave the exact nature of his injury unclear[3]. It is, however, apparent that plaintiff was provided with a course of medical treatment. Because dissatisfaction or disagreement concerning the

---

[2] The same principles "appl[y] to pretrial detainees through the due process clause of the Fourteenth Amendment." *Howard v. Dickerson*, 34 F.3d 978, 980 (10th Cir. 1994).
[3] The physician's notes from the August 25, 2019, radiological examination state, "There is no obvious displaced fracture. There is no dislocation." The notes add that a small projection appeared in some views which could indicate a chronic condition. (Doc. 1, p. 7).

treatment provided is insufficient to state a claim for relief under § 1983, this claim also is subject to dismissal.

*3. Plaintiff has not identified personal participation by individual defendants.*

A plaintiff proceeding under § 1983 must show the personal participation of each defendant, and bare allegations are insufficient to meet this showing. *See Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013)(because § 1983 is a "vehicle[ ] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants") and *Robbins v. Okla. ex rel. Dept' of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008) (stating complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him ... as distinguished from collective allegations") (emphasis in original) (citing *Twombly*, 550 U.S. at 565 n.10).

Because plaintiff's complaint does not present specific claims concerning the acts of individuals that caused the alleged violations of his rights, he has not adequately pled a cause of action. Plaintiff will be allowed the opportunity to file an amended complaint.

### Plaintiff's motion to appoint counsel

Plaintiff moves for the appointment of counsel. There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111,

1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979.

Because, for the reasons stated, plaintiff has not yet presented a claim under § 1983 that states a claim for relief, the Court declines to appoint counsel at this time.

### Order to Show Cause

For the reasons set forth, the Court directs plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief. Plaintiff's reply is due on or before **August 18, 2020**. The failure to file a timely response may result in the dismissal of this matter for failure to state a claim for relief.

In the alternative, plaintiff may file an amended complaint on or before **August 18, 2020,** that cures the deficiencies noted in this order. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the Court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Plaintiff remains obligated to pay the balance of the $350.00 filing fee in

installments under 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 3) is denied.

IT IS FURTHER ORDERED plaintiff's motion to waive payment of the filing fee (Doc. 5) is denied as moot.

IT IS FURTHER ORDERED plaintiff is granted to and including **August 18, 2020,** to show cause why this matter should not be dismissed, or, in the alternative, to submit an amended complaint that cures the deficiencies identified in this order. The failure to file a timely response may result in the dismissal of this matter without additional notice.

**IT IS SO ORDERED.**

DATED:  This 29th day of July, 2020, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge